### UNITED STATES *v.* MEXICAN PRODUCTS CO.

No. 4549.—Invoice dated Guadalajara, Mexico, January 12, 1934.
Entered at Laredo, Tex., March 21, 1934.
Entry No. 149–L.

First Division, Appellate Term

(Decided March 29, 1939)

*Webster J. Oliver*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the appellant.
*Philip Stein* for the appellee.

Before SULLIVAN, BROWN, and KEEFE, Judges

BROWN, Judge: This is an appeal by the United States from the decision and judgment of the court below allowing a 10 per centum discount from the invoice unit prices as the dutiable value of certain glassware imported from Mexico.

There is no dispute as to the *per se* unit value of the merchandise. The controversy is over the amount of discount to be allowed.

The local appraiser at Laredo, Tex., approved the list prices and appraised the merchandise for dutiable purposes at such prices less 5 per centum discount, plus cases and packing.

The importer appealed to reappraisement, claiming a 10 per centum discount should be allowed. The collector also appealed to reappraisement, claiming no discount should be allowed.

The. trial judge who heard the case considered the cross appeals together and sustained the importer's contention, finding the foreign value to be the dutiable value as higher than the export value, and to be the unit invoice prices less 10 per centum discount, plus packing, holding that the usual wholesale quantity was 5 crates and upwards, of the value of about 100 Mexican pesos.

The trial was had partly in San Antonio and partly at Laredo. The Government appealed from the judgment below. The importer did not cross appeal.

The facts are summarized and the sales made at and near the time of shipment, both for home consumption and for export, are stated in a full and complete report by the painstaking special agent upon full information freely given him by the shippers in Mexico.

The other evidence, in a rather cumbersome record, does not conflict with his statement of the applicable sales.

The Government claims that because of irregularity of the discounts allowed, therefore, all discounts should be disallowed and the *per se* list prices taken as the dutiable value of the merchandise. That contention is unsound because practically all the sales except a few in very small quantities allow some discount and it is reasonable to proceed, as the judge below did, properly considering only the sales at or shortly ·before the period of these shipments, to arrive at the findings above set forth. Most of the sales, including the sale to the importer

allowed even larger discounts than the 10 per centum claimed by the importer.

Taking the sales as a whole it is reasonable to conclude as we do:

(1) that the home market value rather than the lower export value should be taken for the dutiable value.

(2) that the usual wholesale quantity in which the merchandise was freely offered to all purchasers in the Mexican market was 5 crates and upwards, the value of 5 crates being about 100 pesos.

(3) that the prices at which the merchandise was freely sold in wholesale quantities in the Mexican market for home consumption, no export value being higher, are the unit prices of the invoices less 10 per centum discount plus cases and packing.

After a careful analytical review of the evidence, we find the above facts to be true on the weight of the evidence before us. The matter is entirely factual, no question of law being involved.

As these factual findings agree with the findings of the trial judge the judgment below is affirmed. Judgment will be rendered accordingly.